1  James A. Dumas (SBN 76284)
   Christian T. Kim (SBN 231017)
2  DUMAS AND ASSOCIATES
   3435 Wilshire Boulevard
3  Suite 990
   Los Angeles, California 90010
4
   Phone:  213-368-5000
5  Fax:    213-368-5009

6  Attorneys for Chapter 7 Trustee and Plaintiff,
   Carolyn A. Dye
7

8                  UNITED STATES DISTRICT COURT
9                 CENTRAL DISTRICT OF CALIFORNIA
10                       EASTERN DIVISION

11 | In re:                                  | Case No.: 2:13-bk-34228-BB
12 |                                         |
13 | EL PASEO JEWELRY, INC.,                 | [Chapter 7]
14 |     Debtor.                             | Adversary No.: 2:14-ap-01391-BB
15 |                                         | Central District Case No.: EDCV14-1316 JGB MANx
16 |                                         |
17 | CAROLYN A. DYE,                         | **PLAINTIFF TRUSTEE'S REPLY TO DEFENDANT IKARMA AND PULIN TANIA'S RESPONSE RE WHY PETITION FOR WRIT OF MANDAMUS SHOULD NOT BE DEEMED MOOT PER THIS COURT'S MINUTE ORDER DATED JULY 24, 2014; REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF**
18 |     Chapter 7 Trustee,
19 |     Plaintiff,
20 |         v.
21 |
22 | IKARMA, INC., a California corporation, PULIN TANIA, an individual, et. al.,
23 |
24 |     Defendants.
25

26       COMES NOW, Carolyn A. Dye, the duly appointed Chapter 7 Trustee for the El Paseo
27 Jewelry, Inc., and as and for her Reply to Defendants iKarma and Pulin Tania's Response re Why
28 Petition for Writ of Mandamus Should Not Be Deemed Moot per this Court's Minute Order dated July

1

24, 2014, represents as follows:

## I. INTRODUCTION

This petition for writ of mandamus is with respect to a June 24 Temporary Restraining Order that not only has been rendered moot because it expired and was superseded by July 9 Preliminary Injunction Order (which was the basis for the Court's OSC on July 24). The PI itself has expired and been superseded by a new and far less sweeping preliminary injunction that was ordered at a hearing on July 30 and entered August 4.

Defendants herein have utterly failed and refused to comply with either the TRO and the PI and have inundated the within Court with proceedings for the sole purpose of multiplying proceedings and interposing obstacles to any attempt to hold them accountable for their contempt. Defendants have also filed an appeal of the July 9 PI and have made an emergency motion to the Bankruptcy Court for a stay of PI which is scheduled to be heard on August 19. The orders themselves were for the sole purpose of providing emergency discovery to the plaintiff trustee and maintenance of the status quo pending completion of the discovery. The whole process was contemplated to take three days. We are now two months into proceedings about these orders and defendants clearly intend for them to last several months more.

The issue that is immediately before the Court is whether the petition for writ of mandate about the TRO is now moot. The purpose of a writ of mandate is to address an immediate ongoing situation that cannot be addressed through the normal appellate process. A writ of mandate about a TRO that expired more than a month ago is an abuse of process, particularly when the PI that succeeded it is already itself the subject of an appeal and has itself been superseded by another and very different PI.

## II. NO AUTHORITY IS CITED FOR THE PROPOSITION THAT A WRIT OF MANDATE IS NOT RENDERED MOOT BY THE FACT THAT THE ORDER FOR WHICH IT SEEKS REVIEW HAS EXPIRED

Defendants' Response to the Court's OSC cites a patchwork of case authority concerning appeals of preliminary injunctions and the standards that govern contempt proceedings but it is

noticeably lacking in authority concerning the extraordinary remedy of a petition for writ of mandate. The Supreme Court has characterized such petitions as "extraordinary" and has quoted Gilbert and Sullivan as follows: "What never? Well, hardly ever." *Allied Chem. Corp. v. Daiflon, Inc.,* 449 U.S. 33, 36 (1980). The whole point of writs is to deal with those few situations where the exigencies of a situation are such that a normal appellate process cannot address the alleged judicial error (as, for example, discovery is ordered as to allegedly privileged information). A petition with respect to an expired order is by definition not such an extraordinary situation.

No authority is cited for the proposition that a petition for writ of mandamus is still viable if the order that is the subject of the petition has expired. None exists. In the absence of such authority, defendants advance two inapposite arguments. First, they contend that the Court should not regard the petition for the writ as moot because contempt proceedings on account of defendants' failure to obey the TRO are imminent. They cite to a number of cases to the effect that a finding that an injunction was an abuse of discretion can be a defense to civil contempt. However, in each of the cited cases there had been contempt proceedings and an *appeal* of the contempt ruling. *World Wide Rush, LLC v. City of Los Angeles,* 606 F.3d 676, 689 (9th Cir. 2010); *Davies v. Gorssmont Unin High School District,* 930 F.2d 1390, 1394 (9th Cir. 1991); *Kirkland v. Legion Ins. Co.,* 343 F.3d 1135, 1142-43 (9th Cir. 2003); *Scott & Fitzer Co. v. Dile,* 643 F.670, 675 (9th Cir. 1981). None of the cases can be cited for the proposition that appeal of an expired order, let alone a petition for writ of mandate regarding one, is appropriate because of a potential of *future* contempt proceeding. If and when the Bankruptcy Court holds defendants in civil contempt, this will be an appealable order and defendants can have their appeal.

Secondly, defendants argue that the TRO was not "superseded" by the PI because the PI carried over provisions from the TRO, citing *Serv. Emps. Int'l Union v. Nat'l Union of Healthcare Workers,* 598 F.3d 1061, 1068 (9th Cir. 2010). As such, it is argued that the issuance of the PI in the within case did not render an appeal of the TRO moot because "the appellate court can give the appellant… effective relief in the event it decides the matter on the merits in his favor." However, the *Serv. Emps. Int'l Union* case involved an unusual *appeal* and cannot be cited for anything having to do with petitions for writs of mandate. In the *Serv. Emps. Int'l Union* case, there had been both a TRO

3

and a later preliminary injunction which, like the within case, incorporated provisions of the TRO. However, there had been an appeal of the TRO but not the preliminary injunction. Although TRO's cannot be appealed, the 9th Circuit noted that the TRO in that case was not an order that expired in the time period provided by the federal rules or was otherwise intended as a stopgap to maintain a status quo until a preliminary injunction hearing. The Court found that it was a TRO in name only and really an appealable preliminary injunction. Thus, when certain of its provisions carried over into the PI order that was not appealed those provisions lived on. That is not our situation. Here we have a garden variety TRO which expired in accordance with the federal rules. It was superseded by a PI that itself is now the subject of an appeal. A petition for writ of mandate on the TRO is clearly moot.

Defendants also cite the case of *Negrete v. Allianz Life Ins. Co. of North American*, 523 F3d 1091, 1098 (9th Cir. 2008), for the proposition that the TRO has not expired but somehow remains effective. However, *Negrete* once again dealt with an *appeal* of a preliminary injunction and an argument that the appeal was rendered moot by the fact that the District Court was refraining from enforcing certain of the injunction's provisions. There was no argument that the PI had been withdrawn or superseded by another order. Again, in our case we are dealing with a TRO that by its terms, and the provisions of the federal rules, has expired and which was superseded by a PI (that itself has now expired) which is now the subject of a separate appeal. *Negrete* is, to put it mildly, inapposite.

### III. THE PRELIMINARY INJUNCTION IN THIS CASE HAS ITSELF EXPIRED

The July 9 preliminary injunction which succeeded the June 24 TRO expired by its own terms on July 28. On July 30, the Bankruptcy Court held a hearing and issued a new PI which differs substantially from the July 9 PI and which itself is due to expire on September 10. RJN, Exh. 1 and 2. The appeal of the July 9 PI is itself moot at this point but this last point, alas, will have to be the subject of a separate motion.

///

///

///

4

## III. CONCLUSION

The petition for writ of mandate is moot.

Dated: August 11, 2014          DUMAS & ASSOCIATES


                                By: */s/ James A. Dumas*
                                    James A. Dumas, Attorneys for Plaintiff and
                                    Chapter 7 Trustee, Carolyn A. Dye

## REQUEST FOR JUDICIAL NOTICE

Carolyn A. Dye, Chapter 7 Trustee, respectfully requests that the Court, pursuant to Federal Rule of Evidence Rule 201, take judicial notice of the following:

(1) Preliminary Injunction entered on July 9, 2014 (Exhibit "1"); and

(2) Amended Preliminary Injunction entered on August 4, 2014 (Exhibit "2").

The above-referenced documents are properly the subject of judicial notice pursuant to Federal Rule of Evidence 201, which provides that a court may take judicial notice of facts not subject to reasonable dispute in that it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Therefore, this Court may take judicial notice of the documents attached hereto as Exhibits "1" and "2."

Dated: August 11, 2014         DUMAS & ASSOCIATES

By: /s/ James A. Dumas
    James A. Dumas, Attorneys for Plaintiff and
    Chapter 7 Trustee, Carolyn A. Dye

# EXHIBIT "1"

# EXHIBIT "1"

James A. Dumas (SBN 76284)
Christian T. Kim (SBN 231017)
DUMAS AND ASSOCIATES
3435 Wilshire Boulevard
Suite 990
Los Angeles, California 90010

Phone:  213-368-5000
Fax:    213-368-5009

Attorneys for Chapter 7 Trustee and Plaintiff,
Carolyn A. Dye

FILED & ENTERED

JUL 09 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY kaaumoar DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

In re:

EL PASEO JEWELRY, INC.,

  Debtor.

---

CAROLYN A. DYE,

  Chapter 7 Trustee,

  Plaintiff,

    v.

IKARMA, INC., a California corporation, PULIN TANIA, an individual; et. al.,

  Defendants.

Case No.: 2:13-bk-34228-BB

[Chapter 7]

Adversary No.: 2:14-ap-01391-BB

**PRELIMINARY INJUNCTION**

Date:  July 7, 2014
Time:  2:00 p.m.
Place: Courtroom 1375
Judge: Hon. Julia W. Brand

    A hearing on the Plaintiff and Chapter 7 Trustee, Carolyn A. Dye's ("Trustee") Emergency Motion for the issuance of a Preliminary Injunction came on for hearing before the Honorable Julia W. Brand, United States Bankruptcy Court Judge presiding. James A. Dumas appeared on behalf of the Trustee, David B. Golubchik appeared on behalf of defendant, iKarma, Inc. and other appearances were noted on the record. The Court having considered the Trustee's Emergency Motion of plaintiff

PRELIMINARY INJUNCTION

1

trustee, Carolyn A. Dye for a Temporary Restraining Order and Order to Show Cause re Preliminary Injunction, ("Motion") and all other related documents filed by the Trustee and Defendants, and good cause appearing therefor, it is hereby ordered, adjudged, and decreed that:

1. Except for merchandise sold in the ordinary course of business, that defendant iKarma is hereby restrained and enjoined from directly or indirectly removing any jewelry merchandise presently in its possession from its store located at 73-375 El Paseo, Suite O, in Palm Desert, California ("the El Paseo store"). This provision shall be effective until July 28, 2014 at 2:00 p.m. or until such earlier time as the parties so stipulate.

2. That defendant iKarma is restrained and enjoined from directly or indirectly transferring any purchased gold either for purposes of smelting the gold or sale to third parties and removing any purchased gold now in the El Paseo store to another location. If the purchased gold is already at another location, it is to be relocated either to the El Paseo store or to iKarma's offices in Los Angeles. This provision shall be effective until **July 28, 2014 at 2:00 p.m.** or until such time as the Parties so stipulate.

3. That on a date to be determined on five (5) days written notice, defendant iKarma is ordered to allow the Trustee's representatives to inspect all jewelry merchandise and purchased gold in the possession of iKarma as of June 6, 2014, or thereafter, regardless of its location.

4. That on five (5) days written notice served by e-mail on its counsel or designated representative, defendant iKarma is ordered to allow the Trustee's representatives to inspect and copy all documents from which the trustee could reasonably determine the disposition, location, value, and ownership of all jewelry merchandise and purchased gold in the possession of iKarma as of June 6, 2014 or thereafter. The nature and description of said documents shall be as specified in the trustee's written demand for inspection but may include bank statements, cancelled checks, credit card records, inventory reports, ledgers, and correspondence. The specific documents requested shall be designated by a Request for Production provided by e-mail to counsel for iKarma. The documents shall be produced at a location and time of mutual agreement on five (5) days written notice by counsel for the Trustee.

5. That defendant iKarma is ordered to produce Raju Mehta to be deposed regarding the location, disposition, and ownership of all jewelry merchandise and purchased gold in the possession of iKarma as of June 6, 2014, or thereafter. Said deposition shall be held on regular notice at a location and time to be agreed by the parties and shall not exceed three and a half hours. Said time shall count against the seven hour limit for the deposition of a witness but shall be without prejudice to a later appropriate request by the trustee for time in excess of said limit to depose Mr. Mehta regarding other subjects.

6. Any request for extension of this preliminary injunction shall be made to the Honorable Sheri Bluebond.

###

Date: July 9, 2014

Julia W. Brand
United States Bankruptcy Judge

PRELIMINARY INJUNCTION

3

# EXHIBIT "2"

# EXHIBIT "2"

James A. Dumas (SBN 76284)
Christian T. Kim (SBN 231017)
DUMAS AND ASSOCIATES
3435 Wilshire Boulevard
Suite 990
Los Angeles, California 90010

Phone:  213-368-5000
Fax:    213-368-5009

Attorneys for Chapter 7 Trustee and Plaintiff,
Carolyn A. Dye

FILED & ENTERED

AUG 04 2014

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY wesley    DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>EL PASEO JEWELRY, INC.,<br><br>    Debtor.<br><br>CAROLYN A. DYE,<br><br>    Chapter 7 Trustee,<br><br>    Plaintiff,<br><br>    v.<br><br>IKARMA, INC., a California corporation, PULIN TANIA, an individual; et. al.,<br><br>    Defendants. | Case No.: 2:13-bk-34228-BB<br><br>[Chapter 7]<br><br>Adversary No.: 2:14-ap-01391-BB<br><br>AMENDED PRELIMINARY INJUNCTION<br><br>Date:  July 30, 2014<br>Time:  10:00 a.m.<br>Place:  Courtroom 1475<br>Judge:  Hon. Sheri Bluebond |

A hearing on the Plaintiff and Chapter 7 Trustee, Carolyn A. Dye's ("Trustee") Emergency Motion for the Extension of the Preliminary Injunction issued on July 9, 2014 came on for hearing before the Honorable Sheri Bluebond, United States Bankruptcy Court Judge presiding. James A. Dumas appeared on behalf of the Trustee, David B. Golubchik appeared on behalf of defendant, iKarma, Inc. and other appearances were noted on the record. The Court having considered the papers

AMENDED PRELIMINARY INJUNCTION

1

filed in support and in opposition to the motion and good cause appearing therefor, it is hereby ordered, adjudged, and decreed that:

1. Defendant iKarma and its officers, employees, and agents are hereby restrained and enjoined from transferring, concealing, or otherwise disposing of any tangible or intangible assets acquired from the debtor, El Paseo Jewelry, Inc., except that defendant may sell merchandise in the ordinary course of business from an open jewelry store operated by iKarma.

2. This injunction shall expire on **September 10, 2014 at 11:59 p.m.** unless extended or modified by further order of the Court.

3. The motion was granted as provided herein and denied without prejudice as to the balance of the relief requested in the motion.

###

Date: August 4, 2014

Sheri Bluebond
United States Bankruptcy Judge

AMENDED PRELIMINARY INJUNCTION

2

| In re:  El Paseo Jewelry, Inc. | CHAPTER: 7 |
|---|---|
| Dye v. IKARMA, Inc., et. al. | CASE NUMBER: 2:13-bk-34228-BB |
| | ADV. NUMBER: 2:14-ap-01391-BB |
| Debtor(s). | CENTRAL DIS. No.: EDCV14-1316-JGBMANx |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 3435 Wilshire Blvd., Ste. 990, Los Angeles, CA 90010.

A true and correct copy of the foregoing document entitled (*specify*): **PLAINTIFF TRUSTEE'S REPLY TO DEFENDANT IKARMA AND PULIN TANIA'S RESPONSE RE WHY PETITION FOR WRIT OF MANDAMUS SHOULD NOT BE DEEMED MOOT PER THIS COURT'S MINUTE ORDER DATED JULY 24, 2014; REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **August 11, 2014**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Christian T Kim           ckim@dumas-law.com
David B Golubchik    dbg@lnbrb.com
James Dumas          jamedumas@aol.com
Michelle S Grimberg  msg@lnbrb.com, angela@lnbrb.com

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) **August 11, 2014**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **August 11, 2014**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

United States Bankruptcy Court
Hon. Jesus G. Bernal
3470 Twelfth St., Courtroom #1
Riverside, CA 92501

Allen Tippie    atippie@sulmeyerlaw.com
Michelle Grimberg  msg@lnbyb.com
Fredric Trester  FWT@manningllp.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **August 11, 2014** | Christian T. Kim | /s/ Christian T. Kim |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2312                                                                                                              **F 9013-3.1.PROOF.SERVICE**